**In the Matter of DIVERSIFIED TRANS- PORTATION RESOURCES, INC., United Terminals, Inc., et al., Debtors.**

**Bankruptcy No. 84-02898.**

United States Bankruptcy Court, D. New Jersey.

March 10, 1986.

Department of Justice by Kathleen M. Miko, Newark, N.J., for U.S.

Rothbard, Rothbard & Kohn by Jonathan Kohn, Newark, N.J., for trustee.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This matter concerns the entry of an order entered pursuant to an opinion of this Court, rendered in a case consolidated with that of the debtor named herein. After due consideration of the numerous arguments and motions made by the parties, this Court finds the order entered on September 23, 1985 to be the proper implementation of the intent of the aforerendered opinion. That order is hereby reaffirmed.

Reviewing the facts at hand, the Court is concerned with but two items—the content of its opinion and whether the order submitted and entered is in accordance with that opinion.

In the early part of 1985, this Court decided a motion made by the Department of the Army in *In the Matter of Consolidated Pier Deliveries*, reported at 53 B.R. 523 (Bankr.D.N.J.1985) (DeVito, B.J.). Therein the court decided the viability of a lease between the debtor, Consolidated Pier, and the Army. In the text of the opinion, the court noted that the debtor, as lessee, had significantly violated the terms of the leasehold, resulting in serious financial damages suffered by the Army. The monetary damages extended past the time of the debtor's filing of its petition, as well

as including pre-petition costs. *Id.* at 528–29.

The court *specifically* ruled that the lease in question, having been "effectively terminated ... before the filing" of the petition, was not property, nor ever had been property, of the debtor's estate. *Id.* at 529. Accordingly, the automatic stay was vacated with respect to the realty underlying the lease and also with respect to an escrow fund of $560,000 held as security for lease obligations. *Id.*

To implement this decision, an order submitted by the United States was signed by this Court on September 23, 1985. That order provided, *inter alia*, that the banking institution holding the escrow fund should turn said fund over to the United States. *In re Diversified Transportation Resources, Inc., et al.*, No. 84–02898 (Bankr. D.N.J. Sept. 23, 1985) (DeVito, B.J.). The propriety of that order is now before the Court.

In its ruling herein, the Court finds no reason to belabor what it perceives to be a relatively clear-cut matter. The Court's opinion of February 15, 1985 was unequivocal on several points. First, the Army suffered both pre- and post-petition damages. Second, and more importantly, the lease in suit was *never* part of the estate.

Simple logic demands that if the lease was never a part of the estate, the escrow account appurtenant to it was, likewise, never a part of the estate. Thus, the Army is the sole party with rights to the escrow funds. Moreover, it is undisputed that the combined damages due to unpaid rent, utilities, and destruction to the leasehold total several millions of dollars. The escrow fund in the amount of $560,000 permits but a small recovery by the Army.

In conclusion, this Court finds the order entered on September 23, 1985 to be a correct embodiment of the Court's February 15, 1985 opinion. The order shall remain undisturbed. Any motions contesting same shall be denied, and any other rulings or orders inconsistent therewith shall be vacated.

The United States is hereby directed to submit an appropriate order.